UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTONNA CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20 CV 289 |
| | ) |
| AMERISTAR CASINO EAST | ) |
| CHICAGO, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendant Ameristar Casino East Chicago, LLC's (Ameristar) motion for summary judgment. (DE # 39.) For the reasons that follow, Ameristar's motion will be denied.

## I. BACKGROUND[1]

On February 21, 2018, plaintiff Christonna Campbell slipped and fell on ice in the Ameristar parking lot. (DE # 42-11 at 6, 14.) The day before Campbell's fall, the high temperature for the day was 61 degrees and the low was 41 degrees. (DE # 48-2.) The day of Campbell's fall, the high temperature for the day was 64 degrees and the low was 29 degrees. (*Id.*) There was precipitation both days. (*Id.*) Campbell testified that it was cold outside the day of her fall. (DE # 42-11 at 8-9.)

At the time of Campbell's fall, Ameristar had a contract with defendant Cummings Landscape, Inc. (Cummings), under which Cummings was responsible for

---

[1] The following facts are undisputed for purposes of the summary judgment motion, unless otherwise noted.

salting all areas of Ameristar's parking lots as icy conditions necessitated and/or upon request. (DE # 42-8 at 1.) At the time of Campbell's fall, Cummings regularly performed snow and ice removal services on Ameristar premises, and it was not necessary or required for Ameristar to contact Cummings to address such conditions. (*Id.* at 2.)

Campbell filed the instant action against Ameristar and Cummings in the Lake Superior Court, alleging that defendants' negligence caused her fall. (DE # 6.) Ameristar removed the case to this court on the basis of diversity jurisdiction. (DE # 2.) Ameristar now moves for summary judgment. (DE # 39.) This matter is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict

2

for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III.   ANALYSIS

Campbell's claim against Ameristar is based on a negligence theory of premises liability under Indiana law. "To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007).

To determine what duty Ameristar owed Campbell, the court must look to Campbell's status as a visitor: trespasser, licensee, or invitee. *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 821-22 (7th Cir. 2019). Here, Campbell's status as a visitor at Ameristar was that of an invitee. *See Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (a person who is invited to enter or remain on land for a purpose directly or

3

indirectly connected with business dealings with the possessor of the land is a business invitee); *Waldon*, 943 F.3d at 822 (citing *Burrell*). The parties agree that at the time of her injury, Campbell was a business invitee of Ameristar.

"Under Indiana premises-liability law, a landowner owes a business invitee 'a duty to exercise reasonable care for their protection while they remain[] on the premises.'" *Waldon*, 943 F.3d at 822 (quoting *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012)). Indiana has adopted the Restatement (Second) of Torts § 343 (1965) for purposes of delineating this duty. *Id.* at n.4.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

A business inviter is not required to immediately remove the natural accumulation of ice and snow from the business premises, but it must exercise reasonable care in the maintenance of its premises. *Henderson v. Reid Hosp. & Healthcare Servs.*, 17 N.E.3d 311, 316 (Ind. Ct. App. 2014). This duty includes "clearing areas such as sidewalks and parking lots of the natural accumulations of snow and ice." *Id.* There is no rule that the storm or weather condition causing the accumulation of snow or ice

4

cease before this duty attaches; however, "the inviter is entitled to actual or constructive notice of the presence of snow or ice and a reasonable opportunity to remove it." *Id.* at 319. "To establish constructive knowledge, a plaintiff must show a condition which has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1088 (7th Cir. 2018) (cleaned up). Constructive knowledge of icy conditions can be inferred if a defendant knows of a risk of ice forming. *Bell v. Grandville Coop., Inc.*, 950 N.E.2d 747, 753 (Ind. Ct. App. 2011).

Ameristar argues that it is entitled to summary judgment because there is no evidence that it had actual or constructive knowledge of any dangerous condition on its premises. (DE # 42 at 12.) The court agrees that there is no evidence that Ameristar had actual knowledge of the ice in the parking lot, and Campbell does not claim that Ameristar had actual notice. (*See* DE # 45 at 10.) The court must therefore determine whether there is a triable question of fact as to Ameristar's constructive knowledge.

The court finds that there are genuinely disputed questions of fact regarding Ameristar's constructive knowledge of the conditions leading to Campbell's fall. Ameristar has not met its burden of establishing that no reasonable jury could find that it had constructive knowledge of icy conditions in the parking lot where Campbell fell. A reasonable jury could find, for example, that given the nature of ice formation and the weather conditions leading to Campbell's fall, Ameristar knew that there was a risk of

5

ice forming, it would have discovered the ice if it had used ordinary care, and it should have taken preventative or remedial steps to eliminate any hazardous condition. *See e.g. Williams v. Meijer Stores Ltd. P'ship*, No. 1:18-CV-1453-WTL-DML, 2019 WL 954776, at *2 (S.D. Ind. Feb. 26, 2019) (denying summary judgment where snowfall two days prior to plaintiff's fall, and plaintiff's observation of slick roads, could give defendant constructive knowledge that its parking lot was slick).

Ameristar points to evidence of the weather conditions the day prior to, and day of, Campbell's fall as evidence that the ice could not have been present for long enough to infer that Ameristar had constructive notice of the ice on its premises. (DE # 48-1 at 1.) Ameristar's position is slightly perplexing in light of the fact that it does not dispute that ice *had* formed, notwithstanding the large range in temperature leading to Campbell's fall. *See e.g. Bell*, 950 N.E.2d at 753–54 (rejecting similar argument). The evidence on which Ameristar relies does not establish that the ice could not have been present long enough for Ameristar to have constructive notice of icy conditions. Furthermore, all reasonable inferences must be made in favor of Campbell, not Ameristar. A material question of fact on this issue remains.

Ameristar argues that Ameristar employees generally inspect the outdoor premises "multiple times" throughout the day,[2] and cites *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1145 (Ind. Ct. App. 2012). In *Schulz*, the Indiana Court of Appeals

---

[2] Ameristar presumably references the affidavit of Dennis Charnetzky (DE # 42-8 at 1); however, no citation was provided and this fact was not included in Ameristar's statement of facts.

determined that defendant Kroger had no constructive knowledge of clear liquid on the floor because a Kroger employee had been in the area 5-10 minutes earlier and there had been no liquid on the floor. Here, the circumstances are entirely unlike those in *Schultz*; there is no evidence of how often the premises were inspected or when the last inspection took place. Therefore, in this case, unlike in *Schulz*, a finding of constructive knowledge would not be tantamount to imposing a strict liability standard or requiring a business owner to exercise constant vigilance. *See id.*

Ameristar cites a string of Indiana cases in which the court found that because there was no evidence as to what caused the plaintiffs to fall, the plaintiffs' claims amounted to nothing more than speculation. (DE # 42 at 14-15.) These cases are not relevant here, where Campbell testified that she slipped on ice and Ameristar (at least for purposes of this motion) does not dispute that claim.

Ameristar's second ground for summary judgment is based on its reliance on Cummings to address any snow and ice on its premises. (*Id.* at 15-16.) Ameristar argues that it discharged its duty to exercise reasonable care by hiring Cummings to perform snow and ice removal. While it is true that under the contract Cummings was responsible for salting the parking lot as icy conditions required, " 'a party cannot contract out his duty to exercise reasonable care with respect to third parties.' " *Pioneer Retail, LLC v. Jones*, 150 N.E.3d 662, 665 (Ind. Ct. App. 2020) (quoting *Morris v. McDonald's Corp.*, 650 N.E.2d 1219, 1222-23 (Ind. Ct. App. 1995)) (rejecting leasee's argument that it could not be liable to invitee who slipped on ice on leased property

because landlord and landlord's snow removal company were responsible for clearing snow and ice; leasee had independent duty to invitee). Notwithstanding its contract with Cummings, Ameristar owed Campbell a duty of care because she was in invitee. *See id.* The fact that Ameristar contracted with Cummings to clear snow and ice "does not summarily absolve [Ameristar] of liability regarding its duty of care to its invitees." *See id.* at 665-66.

Next, Ameristar argues in its reply brief that it is also entitled to summary judgment on the basis that the icy conditions in its parking lot were open and obvious. (DE # 48 at 11.) However, arguments not mentioned until a reply brief are waived. *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 511 n. 42 (7th Cir. 2020), *reh'g denied* (Jan. 7, 2021). Accordingly, the court will not address this argument at this time.

Finally, Ameristar asks this court to find that some of Campbell's injuries were not related to her fall. (DE # 42 at 16.) Such a finding would be premature. At the time the parties briefed this motion, the expert discovery deadline had not closed (and, in fact, is currently stayed). (*See* DE ## 38, 39, 47.) Therefore, this portion of Ameristar's motion for summary judgment is also denied.

## IV. CONCLUSION

For these reasons, the court **DENIES** defendant's motion for summary judgment. (DE # 39.) The motion to supplement (DE # 41) is **GRANTED**. This case is **REFERRED** to Magistrate Judge Joshua P. Kolar for settlement proceedings; should those

proceedings be fruitless, a trial date and pretrial filing deadlines will be set under separate order.

**SO ORDERED.**

Date: July 15, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT